**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | : | **Criminal Action No. 11-277 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| MICHAEL F. DURANTE, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion to suppress the statements (and fruits) of the employees of Defendant's medical practice by Defendant Michael F. Durante. For the reasons set forth below, the motion will be denied.

In brief, Defendant contends that, when law enforcement agents searched Defendant's medical practice office on March 24, 2011, they detained certain employees and questioned them. Defendant makes a number of arguments in support of suppressing both the statements of the employees and the evidence obtained as a result of such statements.

Defendant first contends that the employee interviews exceeded the scope of the search warrant. There are two major problems with this argument. First, Defendant's brief and the employee certification are devoid of detail on this point and do not explain in the slightest what questions, to what employees, exceeded the scope of the search warrant. The brief contains only vague argument.

As evidence in support, Defendant offers the certification of only one employee, Lorraine Solomon. The certification states that the agents asked Ms. Solomon questions, and also

"required me to help them in the search and required me to get charts for them." (Solomon Cert. ¶ 8.) The certification does not state what questions the agents asked Ms. Solomon, nor what answers she gave. The certification offers no basis for this Court to conclude that the agents exceeded the scope of the search warrant.[1]

Second, the little information that the Solomon certification contains does not suggest that the agents' interactions with Ms. Solomon violated Defendant's Fourth Amendment rights. Defendant states correctly the relevant legal principle: "the Fourth Amendment does require that police actions in execution of a warrant be related to the objectives of the authorized intrusion." Wilson v. Layne, 526 U.S. 603, 611 (1999). Thus, this Court inquires into whether Defendant has pointed to any evidence which suggests that the police actions in execution of the warrant were not related to the objectives of the search. The certification states that the agents asked Ms. Solomon some unspecified questions, and Defendant has not pointed to anything which suggests that these questions were not related to the objectives of the search. The assertion that the agents asked Ms. Solomon to help them in the search, without more, would also seem to fall within the scope of permissible action – help with a search would appear to be related to the objectives of the search. Lastly, the assertion that the agents required Ms. Solomon to get charts for them (presumably, patient charts), without more, does not appear to point to any police action unrelated to the objectives of the search.

In support of his position, Defendant cites the decision of Judge DuBois in United States v. Kofsky, 2007 U.S. Dist. LEXIS 64161 (E.D. Pa. Aug. 28, 2007). Kofsky is so factually

---

[1] Defendant contends as well that the agents questioned his employees on matters that were not designed to further the purposes of the search. Defendant has not supported this with any evidence.

different – the police had interviewed *patients* of a doctor during a search, rather than office employees – that it does not bear even a glancing resemblance to the instant case. This Court need not decide whether the decision by Judge DuBois to suppress the patient statements is correct or incorrect. Indeed, the cases which Judge DuBois relied on – such as Wilson, cited above – all recognize the principle that agents may question employees if it furthers the purposes of the search.

Defendant has provided no basis for this Court to conclude that the law enforcement agent's interactions with Ms. Solomon were not related to the objectives of the search, and thus exceeded the scope of the search warrant.

Defendant next offers a "fruit of the poisonous tree" argument:

> The employees' prolonged detention coupled with the agents' statements indicating that the employees were not free to leave, as well as the fact that the employees were not advised that they did not have to answer questions or participate in the search, render the agents' actions unlawful. As a result, any potential evidence elicited pursuant to those statements constitutes the fruit of the poisonous tree and must also be suppressed.

(Def.'s Br. 6.) There are a number of problems with this argument, but the main ones are that Defendant has not persuaded this Court that the agents' interactions with the employees were unlawful, nor has Defendant specified what evidence is alleged to be the fruit of this poisonous tree. This argument does not provide a valid basis to suppress evidence from this search. This Court need not reach the question of whether, under this doctrine, Defendant has standing to assert a violation of another person's constitutional rights.

Lastly, Defendant argues that the "good faith" exception to the exclusionary rule is inapplicable here. This Court need not rule on this issue, because Defendant has not shown any

valid basis for application of the exclusionary rule.

Defendant has failed to persuade this Court that evidence obtained as a result of the agents' interactions with Defendant's employees during the search should be suppressed. Defendant's motion to suppress will be denied.

For these reasons,

**IT IS** on this 3rd day of November, 2011,

**ORDERED** that Defendant's motion to suppress the statements (and fruits) of the employees of Defendant's medical practice (Docket Entry No. 120) is **DENIED**.

                                               s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J