# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of AMERICA, | **Criminal Action No. 11-277 (SRC)** |
| Plaintiff, |  |
| v. | **OPINION & ORDER** |
| MICHAEL F. DURANTE, |  |
| Defendant. |  |

## CHESLER, District Judge

This matter comes before the Court on the motion for a <u>Franks</u> hearing (Docket Entry No. 121) by Defendant Michael F. Durante. For the reasons set forth below, the motion will be denied.

Defendant challenges the affidavit of Officer Anthony Maldonado, sworn to on March 23, 2011, and submitted in support of the Government's application for a warrant to search Defendant's medical office. Defendant contends that the affidavit contains false statements and omissions, and that he is entitled to a hearing on these contentions, pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

The Third Circuit has set forth the following principles to guide courts in deciding a motion for a <u>Franks</u> hearing:

> In *Franks*, the Supreme Court determined that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant subsequent to the ex parte issuance of the warrant. There, the Court created a mechanism to allow a defendant to overcome the general presumption that an affidavit of probable cause supporting a search warrant is valid. First, the defendant must make a 'substantial preliminary showing' that the affidavit contained a false statement, which was made

knowingly or with reckless disregard for the truth, which is material to the finding of probable cause. At the hearing, the defendant must ultimately prove by a preponderance of the evidence that: (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions were material, or necessary, to the probable cause determination.

United States v. Yusuf, 461 F.3d 374, 383 (3d Cir. 2006). In addition:

In the end, the defendant must prove by a preponderance of the evidence that probable cause does not exist under the corrected affidavit, i.e., that the deficiency in the affidavit was material to the original probable cause finding. Id. We have recognized a distinction between misrepresentations and omissions for purposes of determining whether deficiencies in the affidavit are 'material.' When faced with an affirmative misrepresentation, the court is required to excise the false statement from the affidavit. In contrast, when faced with an omission, the court must remove the falsehood created by an omission by supplying the omitted information to the original affidavit.

Id. at 383-84. Also:

In this Circuit, the rule is that an assertion is made with reckless disregard when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported. This definition provides two distinct ways in which conduct can be found reckless: either the affiant actually entertained serious doubts; or obvious reasons existed for him to do so, such that the finder of fact can infer a subjectively reckless state of mind.

United States v. Brown, 631 F.3d 638, 645 (3d Cir. 2011) (citation omitted).

Defendant first argues that the Maldonado affidavit does not adequately describe the premises to be searched. The Government, in opposition, notes that Defendant previously made this argument before the Court in his motion to suppress. This is correct. This argument has already been heard, considered, and rejected, as explained in this Court's Opinion of December 11, 2011. Defendant has shown no foundation for a Franks hearing on this issue.

Defendant next argues that the Maldonado affidavit contains both material misstatements

2

and omissions, and that, had it not contained these, Magistrate Judge Shipp would not have found probable cause to issue the search warrant.

Defendant first attacks the assertion in the Maldonado affidavit that Defendant had provided various patients with oxycodone prescriptions without a legitimate medical purpose. Defendant argues that: 1) Maldonado describes no credentials which qualify him to determine whether prescriptions are for a legitimate medical purpose; and 2) Maldonado did not present a variety of pieces of exculpatory evidence (e.g., the Undercover Agent lied to defendant about having a pain problem.) These contentions are both irrelevant and meritless. First, Defendant does not assert that the affidavit misrepresents Maldonado's medical expertise, or lack thereof; as long as no misstatements were made about the basis for the assertion that the prescriptions were without a legitimate medical purpose, it was up to Magistrate Judge Shipp to determine whether the evidence submitted was sufficient to demonstrate probable cause. Second, Defendant offers no legal support for the proposition that the Government is obligated to offer exculpatory evidence when applying for a search warrant, nor that the omission of exculpatory evidence renders any of the inculpatory assertions materially false.[1] Lastly, as a matter of logic alone, neither of these arguments demonstrates a substantial basis to consider the statement that the prescriptions were without a legitimate medical purpose to have been materially false.[2]

---

[1] Similarly, Defendant later argues that Maldonado failed to disclose that CW-2 received from Defendant and filled prescriptions that were not for oxycodone, and that Defendant rendered medical services in addition to providing oxycodone prescriptions. This exculpatory evidence argument also fails for the reasons stated here.

[2] Defendant's position seems particularly untenable in light of the Court's review of the video evidence, described below, which shows Defendant writing an oxocodone prescription for the Undercover Agent in the belief that the patient "owe[d] somebody the pills." It is very difficult to believe that repayment of a debt of narcotics constitutes a legitimate medical purpose.

Defendant next argues that the descriptions regarding the frequency of oxycodone prescriptions to a cooperating witness are materially false. Defendant points to this statement in paragraph 10 of the Maldonado affidavit: "According to CW-1, CW-2 maintained a standing doctor's appointment every Monday, pursuant to which CW-2 would obtain prescriptions for oxycodone. . ." As evidence of the falsity of this statement, Defendant points to evidence that, on one occasion, CW-2 asked for his next appointment in one month's time. Even if Defendant is correct, and CW-2 never had weekly appointments, this does not appear to be a material misstatement. At issue is not how frequently any particular patient saw Defendant, but what happened on the occasions on which particular patients did see Defendant. There is no reason to believe that, had the affidavit stated that CW-2 had monthly appointments, instead of weekly appointments, it would have made any difference as to the question of whether there was probable cause for a search.

Defendant next argues that the description of certain audiotaped conversations is materially false. While Defendant submitted these recordings to the Court, Defendant's brief did not specify where in the recordings the alleged errors occurred. This Court cannot properly entertain these arguments in the absence of information which identifies the parts of the recordings at issue.

Defendant next contends that a review of a video provided by the Government demonstrates that the description stated in paragraph 46 of the Maldonado affidavit is "completely flawed." (Def.'s Br. 17.) Defendant points to these statements in paragraph 46:

> In that first visit with the purported patient, DURANTE wrote one prescription for
> 120 pills of Oxycodone 30mg, a second prescription for 120 pills of Percocet, and
> a third prescription for a spine x-ray. The undercover then offered DURANTE

> $100 in official authorized funds, and asked "can I bother you for another 30 . . .
> 30 of the Roxicodone?"  DURANTE replied, "30 Roxicodone, but what will you,
> will you bring that to a different drug store?"

(Maldonado Aff. ¶ 46.)  Defendant contends: "A review of the video does not show any

exchange of cash during Dr. Durante's medical examination of the Undercover Agent."  (Def's

Br. 18.)  Specifically, Defendant points out the sentence describing the offer of $100 and the

accompanying request by the Agent for 30 more Roxicodone, and urges: "Watch the video.  That

is not on the video."  (Id.)

Defendant submitted a copy of the video in question to the Court, and this Court has

reviewed it.  Defendant's assertion that the exchange alleged is not on the video is incorrect.  At

39:40 on the video, the Agent is seen, standing, facing Defendant, with his right hand held out in

front of him, the palm facing down.  It is not possible to view the palm of the hand.  The video

shows the Agent making the request for the additional pills using the exact language quoted in

the affidavit.  As the Agent makes the request, he moves his hand back and forth in the direction

of Defendant.  Defendant is seen looking at the moving hand.  At 39:47, the Agent moves his

hand toward Defendant, and Defendant reaches out with his hand toward the Agent's

outstretched hand.  The hands appear to touch.  Both men then withdraw their hands.

While Defendant is correct that the video does not clearly show cash changing hands,

Defendant is incorrect to assert that the exchange alleged does not appear on the video.  The

events just described, involving the men's hands, might or might not have been an exchange of

$100 in cash.  The video is consistent with the statement at issue.  This Court does not find that

the video supports the conclusion that paragraph 46 contains a false statement made knowingly

or with reckless disregard for the truth.[3] Defendant has failed to persuade this Court that a review of the video shows that the statement in question was false, nor even that there is a basis for a serious concern about the truthfulness of the statement in question.[4] Defendant has failed to make a substantial preliminary showing that the affidavit contained a false statement, and he is not entitled to a <u>Franks</u> hearing on this issue.

In conclusion, Defendant has failed to make the required "'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause." <u>Yusuf</u>, 461 F.3d at 383. Defendant's motion for a <u>Franks</u> hearing will be denied.

For these reasons,

**IT IS** on this 5th day of January, 2012,

---

[3] Furthermore, this Court observes that Defendant responded to the Agent's request for more oxycodone with the question, "What, do you owe somebody the pills?" The Agent answered in the affirmative, and Defendant gave him the prescription. This corroborates the assertion that Defendant knowingly prescribed oxycodone without a legitimate medical purpose. The Defendant is also heard to ask the Agent whether he will bring the extra prescription to a different drugstore – further evidence that Defendant knew that this prescription was improper. This Court also observes that the affidavit alleges that Defendant later told CW-2 that the Agent "scares the shit out of me," which supports the inference that the Agent's prescription-buying behavior appeared audacious to Defendant. (Maldonado Aff. ¶ 49.)

[4] Moreover, even if the Court were to excise paragraph 46 entirely, the other uncontroverted factual assertions in the affidavit would be more than sufficient to provide a basis for the issuance of a warrant to search Defendant's office. The remainder of the affidavit offers a compelling demonstration of probable cause for issuance of a search warrant. <u>See</u> <u>Franks</u>, 438 U.S. at 171-172 ("if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.")

**ORDERED** that Defendant's motion for a <u>Franks</u> hearing (Docket Entry No. 121) is

**DENIED**.

       <u>    s/ Stanley R. Chesler     </u>
       Stanley R. Chesler, U.S.D.J