# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-277 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| MICHAEL DURANTE, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon the application filed by the United States of America (the "Government") for the continued restraint of funds that were seized by the Government in connection with this criminal action but were not found to be forfeitable by the jury following Defendant Michael Durante's ("Durante") trial on various federal drug charges. Specifically, to provide context for the Government's application, the Superseding Indictment sought forfeiture, pursuant to 21 U.S.C. § 853, of an amount including but not limited to $291,690 in United States currency which had been seized from Durante's residence in March 2011. A trial on the Superseding Indictment commenced in March 2013, and on May 22, 2013, the jury returned its verdict finding Durante guilty of various counts of oxycodone distribution as well as one count of engaging in a conspiracy to distribute the drug. Following the trial, the jury was tasked with determining which portion of the seized $291,690 in cash was forfeitable under

1

21 U.S.C. § 853 as "property constituting, or derived from, any proceeds [Durante] obtained, directly or indirectly, as the result" of the offenses of which he was found guilty. 21 U.S.C. § 853(a). The jury concluded that only $54,837 of the seized currency was subject to forfeiture.

The Government has now filed a motion for an Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2 consisting of a personal money judgment against Durante in the amount of $658,821.00, representing the proceeds allegedly traceable to the conspiracy offense.[1] In connection with that motion for the imposition of an *in personam* forfeiture judgment against Durante, the Government has sought to restrain the portion of the seized currency which the jury did not find forfeitable, that is, $236,853, on the grounds that such property constitutes forfeitable substitute assets pursuant to 21 U.S.C. § 853(p).

The governing criminal forfeiture statute, 21 U.S.C. § 853, contains two provisions authorizing the Court to enter protective orders restraining property which may be or has been found to be subject to forfeiture. One of these is § 853(e), which provides in relevant part that, upon the filing of an indictment charging a violation of a narcotics offense and alleging that certain property will be subject to forfeiture under § 853(a) as traceable to that offense, the court may enter a restraining order to preserve the availability of that property for forfeiture. The other provision, § 853(g), applies after entry of an order declaring property forfeited and authorizes the court, among other things, to enter appropriate restraining orders or injunctions to protect the interest of the United States in that forfeited property.

---

[1] In United States v. Vampire Nation, the Third Circuit held that 21 U.S.C. § 853 authorizes entry of an *in personam* forfeiture judgment against the defendant himself for the full amount of the criminal proceeds, reasoning that the statute does not limit the forfeiture penalty to the value of assets a defendant actually possesses at the time a forfeiture order is issued. 451 F.3d 189, 201-02 (3d Cir. 2006). In this case, the Government intends to demonstrate that the full amount of the criminal proceeds of Durante's conspiracy offense includes the proceeds generated by his co-conspirators' activities on the theory that he is jointly and severally liable with his co-conspirators.

The property at issue here, however, falls into neither of those categories. While pretrial restraint of the cash found in a safe inside Durante's residence was authorized under § 853(e), the jury has found that only a portion of that currency is forfeitable under § 853(a). The remainder of the currency, the Government concedes, is not at this time the subject of a forfeiture order or personal judgment against Durante, though it argues that the evidence adduced at trial will support entry of a money judgment which far exceeds the funds the Government requests that the Court restrain. Thus, as to the $236,853 in seized currency not found forfeitable by the jury, neither of the statute's protective order provisions is triggered.

The Government in fact seeks to forfeit those funds as substitute assets and has requested that the Court restrain the funds pending decision of the Government's motion for entry of a forfeiture money judgment against Durante. Title 21 U.S.C. § 853 deals with the forfeiture of substitute property in subsection (p) but notably does not provide any authority for the restraint of property for which forfeiture is sought under that subsection. Addressing precisely the question of whether this forfeiture statute allows restraint of substitute assets prior to conviction of the criminal defendant, the Fifth Circuit Court of Appeals held that the statute's pretrial restraint provision, § 853(e), was deliberately silent as to substitute property and accordingly reversed the district court's protective order restraining substitute assets as exceeding the authority granted by the statute. United States v. Floyd, 992 F.2d 498, 501-02 (5th Cir. 1993). The Floyd court noted the statute's separate treatment of substitute assets in § 853(p) as distinct from those forfeitable under § 853(a) and reasoned that the plain language of the pretrial restraint provision gave no authority for restraint of substitute assets. Id. at 502. The court held as follows:

3

> We find that the statute controlling the restraint before us plainly states what property may be restrained before trial. Congress made specific reference to the property described in § 853(a), and that description does not include substitute assets. Congress treated substitute assets in a different section, § 853(p). To allow the government to freeze Floyd's untainted assets would require us to interpret the phrase "property described in subsection (a)" to mean property described in subsection (a) and (p).

Id. Liberal construction of the statute, the Floyd court observed, does not justify amendment of the statute by interpretation. Id. The Third Circuit Court of Appeals cited Floyd approvingly and followed its reasoning in holding that the restraint provision of the RICO forfeiture statute, which the Third Circuit court noted is in substance materially identical to § 853(e)(1), likewise does not authorize pretrial restraint of substitute property. In re Assets of Martin, 1 F.3d 1351, 1358-59 (3d Cir. 1993).

The Court acknowledges that, unlike the procedural posture reviewed by those circuit decisions, the Government does not seek *pretrial* restraint of the $236,853 in seized funds, as Durante has in fact been found guilty of numerous offenses which on which forfeiture may be predicated. It does, however, seek to restrain the cash as substitute property before it has been ordered forfeited, that is, in this particular case, before determination and entry of any forfeiture money judgment. The Government simply fails to indicate any authority in the governing statute which would allow the Court to continue to restrain the funds in contemplation of a potential

judgment against Durante.[2] Its argument that any gap in the authority conferred by statute may be filled in by the All Writs Act, 28 U.S.C. § 1651, is unavailing. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It does not, however, function to expand the authority expressly and narrowly conferred upon the Court by the controlling criminal forfeiture statute, 21 U.S.C. § 853.

Having no authority to restrain the $236,853 in cash which the Government will seek to forfeit as substitute property, the Court will deny the Government's application for continued restraint of those seized funds and order them returned to Durante forthwith. An appropriate Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 15, 2013

---

[2] The Court notes that its lack of authority to restrain funds pending the outcome of an application for such a judgment is consistent with the Supreme Court's holding in Grupo Mexicano de Desarollo v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). There, the Supreme Court held that a court may generally not issue a preliminary injunction preventing the transfer of assets prior to the entry of a money judgment. Id. at 333. While that decision did not deal with criminal forfeiture but rather arose out of the civil context of a contract claim for money damages, it emphasizes the limited authority of courts to issue orders restraining a defendant's assets pending judgment in order to secure property that may satisfy the anticipated judgment. To the extent the Grupo Mexicano decision recognized an exception to the rule against pre-judgment restraint of asset for instances in which an equitable claim to the assets is asserted, that exception would not be applicable to this criminal action, in which the forfeiture remedy sought is not equitable but rather punitive in nature. See, e.g., Libretti v. United States, 516 U.S. 29, 39 (1995) (holding that "Congress plainly intended forfeiture of assets to operate as punishment for criminal conduct in violation of the federal drug and racketeering laws . . . ."); Alexander v. United States, 509 U.S. 544, 558 (1993) (holding that *in personam* criminal forfeiture is a form of monetary punishment).